O'BRIEN v. KELLY.

(Supreme Court, Appellate Division, First Department. November 24, 1909.)

APPEAL AND ERROR (§ 165*)—RIGHT OF REVIEW—WAIVER OF RIGHT—EXECUTION AGAINST SALARY—VACATION.

Code Civ. Proc. § 1391, in certain cases allows execution to be issued against the salary of a judgment debtor, which execution becomes a lien upon the salary due or to become due until the execution and expenses are satisfied, etc. Plaintiff obtained such an order, which order was vacated upon defendant's motion, and from that order plaintiff appealed. Plaintiff subsequently obtained a second order, which was actually issued to the sheriff. *Held*, that since under the express provisions of section 1391, there could be but one execution issued, plaintiff, by obtaining the subsequent order allowing an execution, waived her right to appeal from the order vacating the prior execution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 995–1001; Dec. Dig. § 165.*]

Action by Theresa O'Brien against Michael J. Kelly. Defendant moves to dismiss plaintiff's appeal from an order vacating an order allowing an execution to issue to plaintiff against defendant's salary. Appeal dismissed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

M. J. Kelly, for the motion.
John J. Cunneen, opposed.

PER CURIAM. The plaintiff, having a judgment against the defendant, obtained an order allowing an execution to issue under section 1391 of the Code of Civil Procedure against the salary of the defendant. Upon motion of the defendant, this order allowing an

execution to issue was vacated, and from that order the plaintiff appealed. On October 22, 1902, the plaintiff obtained a second order allowing an execution to issue to the sheriff under the same section of the Code, which execution is now in force, and the sheriff is acting under it. The defendant now moves to dismiss the appeal from the order entered on the 28th of May, 1909, on the ground that the plaintiff waived her right to appeal by obtaining the second order, under which execution has actually issued and is now in force.

By the provisions of section 1391 of the Code of Civil Procedure, to entitle plaintiff to such an execution, it must appear that no prior execution under that section has been issued. There can, therefore, be but one execution under this section, and this court would not be justified in reversing the order of the Special Term, so long as an execution in favor of the plaintiff is outstanding. It is quite apparent, therefore, that the appeal will be unavailing, and we think it clear that, by obtaining the subsequent order allowing an execution to issue, she waived her right to appeal from the prior order vacating the prior execution.

It follows that the appeal must be dismissed, but, under the circumstances, without costs.